Estate of Austin, 176 Wis. 265.

## ESTATE OF AUSTIN.

*January 13—February 7, 1922.*

*Executors and administrators: Claims against estate: Services gratuitously rendered: Trustee handling property as his own: Compensation.*

1. Evidence taken upon a claim filed against an estate in the county court showing that the deceased and his brother turned over their property to claimant, who was a nephew of deceased, for investment and management under an agreement that claimant would receive no compensation except such remuneration as he might receive from borrowers, and that claimant was guilty of malfeasance in the handling of the estate, is *held* to sustain the finding of the court that claimant had no expectation of receiving compensation from deceased, but conceived the idea of making a claim therefor when his authority over the estate was revoked.

2. In this case, where claimant dealt with trust funds as his own and in numerous cases used them to his own advantage, he could not claim compensation for his services.

APPEAL from a judgment of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Affirmed.*

In the year 1844 Samuel Austin, the father of the deceased, J. Clinton Austin, and J. Darwin Austin, settled on a homestead of 160 acres adjacent to the southern boundary of the city of Milwaukee. In time additions were made to the father's holdings. Upon the death of the father in 1878 the deceased, J. Clinton Austin, and J. Darwin Austin occupied and farmed the lands which they inherited from their father in common and carried on a joint business. In 1894 a division of their real estate was proposed, but the negotiations were not consummated until 1914. About two years later, in 1916, a division was made of their personal property. The claimant, *Samuel D. Austin,* is a civil engineer, the son of J. Darwin Austin, and from time to time made surveys and performed services in and about the management of the joint estate, and upon the death of J. Clinton Austin filed a claim against the estate of J. Clinton Austin, amounting to $11,834.25, on account of such services. On behalf of the estate there was a counterclaim for $11,500 on account of moneys due and owing from the claimant, *Samuel D. Austin.* The principal claim of *Samuel D. Austin* related to surveys made by him of the property of his father and uncle, the deceased J. Clinton Austin, and a division of the real estate and securities held by them. For the last two items there was a charge of $7,500. The trial court found that the reasonable value of the services performed by *Samuel D. Austin* in respect to the division of the estate was $500; that in the year 1913, when the property was turned over by the deceased, J. Clinton Austin, and J. Darwin Austin to *Samuel D. Austin* for supervision, management, investment and reinvestment, it was expressly understood and agreed "that the said *Samuel D. Austin*

would do such work without compensation whatever from the said Austin brothers or either of them, and would de-·rive and receive in lieu of compensation such reasonable and lawful remuneration as he could obtain from the borrowers," and that pursuant to such agreement the· said *Samuel D. Austin* assumed the management and control of the personal property and securities of the said Austin brothers, made investments and reinvestments from time to time, collected interest, and generally supervised and managed the property intrusted to him and received commissions from third parties, which he retained, and for which he has never accounted to the Austin brothers or either of them. The court finds that the reasonable value of the services rendered by said *Samuel D. Austin* to J. Clinton Austin in the division of the personal property was $200. It appears that in the making of investments said *Samuel D. Austin* treated the funds of his father and uncle as his own. Securities were taken in his own name, he accepted mortgages upon properties sold by him for part of the purchase price, and was guilty of many acts of malfeasance in the management of his trust; that he failed to exercise due care in the making of investments, procuring of abstracts, recording of mortgages, attachment of revenue stamps, and in other particulars violated his obligations as a fiduciary. The court further found that *Samuel D. Austin,* the claimant, at no time did any of the work or the things herein referred to or set forth in the findings in detail with the expectation of receiving any compensation therefor from J. Clinton Austin, but ·by way of resentment to the revocation of his authority (a few months before the death of J. Clinton Austin) the claimant for the first time conceived the idea of presenting a statement for services rendered, after the revocation of his authority as such agent and trustee.

The court found as conclusions of law that *Samuel D.* · *Austin,* in the management of the estate, was guilty of maladministration; was guilty of a conversion of a large

amount of the personal property belonging to said J. Clinton Austin; that the account of *Samuel D. Austin* did not constitute a mutual and open account current; that all items in said account prior to a period of six years previous to the death of J. Clinton Austin are barred by the statute of limitations, and disallowed the entire claim and rendered judgment against *Samuel D. Austin* for $11,500, principal and interest. From the judgment disallowing his claim *Samuel D. Austin* appeals.

*Charles M. Scanlan* of Milwaukee, for the appellant.

*Andrew D. Agnew* of Milwaukee, for the respondent.

Rosenberry, J. We have stated very briefly and in bare outline the nature of the questions litigated in this action. To state the matters in detail would require a long opinion which would serve no useful purpose. Two principal questions are presented upon this appeal:

First. Are the findings of the trial court sustained by the evidence?

Second. Did the trial court, in disposing of the matter, apply correct principles of law?

In regard to the mismanagement and malfeasance in office of the claimant, it should be said that the estate of J. Clinton Austin suffered no financial loss, it being claimed that this happy result is due to the increasing value of the properties upon which securities were taken. Whether it be that or that the loans were providently made, the fact remains that no financial loss was sustained. We have carefully reviewed the evidence and the arguments of counsel, and it is considered that the evidence fully sustains the finding made by the trial court.

The trial court also so applied the correct principles of law. While the relation of the claimant to J. Clinton Austin was not that of father and son so that the presumption that the services were gratuitous does not apply to its full extent, nevertheless the relation was of such a character that

the court very properly scrutinized the evidence closely in determining whether or not there was an implied promise to pay. The evidence fully sustains the conclusion of the court that the services were rendered without expectation of payment and therefore gratuitously, and that when the properties were turned over to him for management and supervision it was upon the express understanding that he should receive no compensation excepting that which he derived from third parties by way of commission.

We are also of the opinion that the conclusion of the trial court that the services rendered were of such a character, including, as they did, the making of many improvident investments and the conversion of funds in his hands as trustee, that claimant was estopped from making a claim for services rendered by him, is fully justified. He dealt with the trust funds as his own, used them in numerous cases for his own advantage, and while he was not required to account for any profits made by him, he certainly is in no position to claim compensation.

*By the Court.*—Judgment affirmed.